# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHARLES JACKSON**                                                                    **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 1:08-CV-178-SA-JAD**

**LOWNDES COUNTY SCHOOL DISTRICT**                                       **DEFENDANT**

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment [40]. For the reasons stated below, the motion is granted in part and denied in part.

## I. BACKGROUND

In 2006, the principal of West Lowndes Middle School - a predominately black school - became mayor of Columbus, Mississippi, creating a vacancy at the position. Plaintiff, a white man, was interested in becoming the interim principal, and he alleges that he contacted Superintendent Michael Halford and expressed his interest. However, Halford appointed Cynthia McMath, a black woman, as the interim principal.

When the school year finished, Defendant began the process for hiring a permanent replacement. Defendant advertised for the position in several sources and hired an outside consultant to screen the applications and recommend candidates for the interview process. After receiving a short list of candidates from the outside consultant, the Superintendent selected an interview committee comprised of representatives from the educational community and the larger community of persons with an interest in public education. The committee was evenly divided along racial lines. Plaintiff and McMath were among the candidates interviewed.

Each candidate was interviewed separately, and each member of the interview committee recorded scores of the candidates' answers on rating sheets. The Superintendent then collected the

rating sheets and calculated the candidates' cumulative scores. McMath received the highest cumulative score. According to Defendant, the Superintendent generally recommends the candidate with the highest interview score; in fact, the Superintendent did recommend McMath to the school board for the permanent position. The school board subsequently voted to hire McMath.

Plaintiff alleges that Defendant intentionally discriminated against him because of his race by 1) appointing McMath as the interim principal, rather than appointing him; and 2) hiring McMath as the permanent replacement, rather than hiring him. He claims that the selection and interview process was a cover for the District's intention to hire a black principal for a predominately black school district. He asserts a Title VII discrimination claim and claims under 42 U.S.C. § 1983 for violations of 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment.

## II. DISCUSSION

### A.     *Summary Judgment Standard*

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 Fed. Appx. 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows there is no genuine issue of material fact, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c),

(e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

## B.  *Title VII*

Under Title VII it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff has asserted that Defendant discriminated against him because of his race by 1) not appointing him as interim principal, and 2) not hiring him as the permanent principal. The Court will examine each alleged act of discrimination.

### 1.  *The Interim Position*

Before a plaintiff may pursue a cause of action under Title VII, he must exhaust his administrative remedies. Hall v. Cont'l Airlines, Inc., 252 Fed. Appx. 650, 653 (5th Cir. 2007). Exhaustion occurs when an individual files a timely charge of discrimination with the EEOC, the

3

charge is dismissed by the EEOC, and the EEOC informs the individual of the right to sue. Id. The purpose of these requirements is to put an employer on notice of the existence and nature of the charges against it. Manning v. Chevron Chem. Co., 332 F.3d 874, 879-80 (5th Cir. 2003). For that reason, Title VII causes of action are limited to "the scope of the EEOC investigation which could reasonably grow out of the administrative charge." Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993).

> Plaintiff's EEOC charge reads:
>
> A black person who was principal at the middle school at West Lowndes was elected Mayor of the City of Columbus. . . [A] vacancy arose in that position. The position then became available for a permanent replacement in the fall of 2007. I applied for this position. . . I was not hired for the position and, instead, a black person with very little administrative experience was placed in the position.

The charge does not mention the appointment of an interim principal to complete the 2006-2007 school year. Further, Plaintiff recorded on his charge that the date upon which the discrimination took place was May, 2007. However, McMath was appointed as interim principal in the fall of 2006.

Looking "slightly beyond [the charge's] four corners, to its substance rather than its label," the Court does not believe that an EEOC investigation into the appointment of McMath as interim principal could "reasonably be expected to grow out of the charge of discrimination." Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006). The charge does not mention that an interim appointment was made, that Plaintiff applied for it, or that Plaintiff was even interested in it. Therefore, any Title VII cause of action by Plaintiff stemming from the interim appointment is barred. Hall, 252 Fed. Appx. at 653. The Court grants Defendant's Motion for Summary Judgment as to any Title VII claim asserted by Plaintiff stemming from the interim appointment of McMath.

*2.     The Permanent Position*

A plaintiff may prove discrimination by direct or circumstantial evidence. Salinas, 314 Fed. Appx. at 698; Nasti v. CIBA Specialty Chems., 492 F.3d 589, 593 (5th Cir. 2007). Plaintiff argues that he has presented direct evidence of discrimination. He alleges that the principal of West Lowndes High School, Roosevelt Bridges, told him that Jacqueline Gray, a black school board member, stated that "there would not be a white principal at West Lowndes School." Plaintiff also alleges that a retired employee of the school district, Suretha Brooks, told him that she was aware that Gray had stated there was always going to be a black principal at West Lowndes.

"Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial." Fowler v. Smith, 68 F.3d 124, 126 (5th Cir. 1995). "[H]earsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in" the Rules of Evidence. FED. R. EVID. 805. While Gray's alleged statements may be admissible at trial as admissions by a party-opponent, neither the statement by Bridges nor the one by Brooks falls under any such exception.[1] Therefore, these allegations are not proper summary judgment evidence.

Plaintiff also alleges that Bridges stated that Gray had "handpicked her favorite for the position at the elementary school and that she was in favor of a certain person getting the principal's position at the high school when Mr. Bridges retired." Further, Plaintiff alleges that Bridges told him to "watch his back." Direct evidence "is evidence which, if believed, proves the fact [of

---

[1]To the extent that Plaintiff may argue that the statements by Bridges and Brooks are also admissions by a party-opponent by virtue of their employment by Defendant, the Court notes that Plaintiff has offered no evidence as to the declarants' authority to speak on behalf of the District, the scope of the declarants' agency relationship with the District, or the existence of any conspiracy in which the declarants participated. See FED. R. EVID. 801(d)(2).

5

discrimination] without inference or presumption."  Brown v. East Miss. Elec. Power Ass'n, 989 F.2d 858, 861 (5th Cir. 1993).  Neither of the above statements includes any mention of race, and, at best, they could only prove racial discrimination by inference.  Therefore, Plaintiff has not provided any direct evidence of racial discrimination.

Title VII claims based on circumstantial evidence are analyzed under the McDonnell Douglas burden-shifting evidentiary framework.  Salinas, 314 Fed. Appx. at 698 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)); Fahim v. Marriott Hotel Servs., 551 F.3d 344, 350-51 (5th Cir. 2008).  First, Plaintiff is required to establish a *prima facie* case of discrimination.  Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 587 (5th Cir. 1998).  Plaintiff must show that he was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated."  Carr v. Murphy Oil USA Inc., 269 Fed. Appx. 378, 378 (5th Cir. 2008) (per curiam) (citing Abarca v. Metro. Transit Auth., 404 F.3d 938, 941 (5th Cir. 2005)). Defendant conceded that Plaintiff "likely makes out a *prima facie* showing of circumstantial discrimination."

Once a plaintiff has made his *prima facie* case, the defendant then has the burden of producing a legitimate, nondiscriminatory motive for the adverse employment action.  Deffenbaugh-Williams, 156 F.3d at 587.  Defendant's burden at this stage is merely one of production - not persuasion.  Parker v. State of La. Dep't of Educ. Special Sch. Dist., 323 Fed. Appx. 321, 327 (5th Cir. 2009).  In Defendant's briefing, it has provided the following explanation for its hiring of McMath: "The reason McMath was selected over the other qualified candidates interviewed for the WLMS principal position was because she received the top rating score from the LCSD interview

committee."

Subjective assessments of a candidate's performance in an interview and selection process may serve as a legitimate, nondiscriminatory reason for not hiring a candidate. Browning v. Sw. Research Inst., 288 Fed. Appx. 170, 176-77 (5th Cir. 2008); Joseph v. City of Dallas, 277 Fed. Appx. 436, 440-41 (5th Cir. 2008); Alvarado v. Texas Rangers, 492 F.3d 605, 616 (5th Cir. 2007). However, "because subjective reasons can be a pretext for discrimination, such 'reason[s] will satisfy the employer's burden of production . . . only if the employer articulates a clear and reasonably specific basis for its subjective assessment.'" Browning, 288 Fed. Appx. at 177 (quoting Alvarado, 492 F.3d at 616).

In Alvarado, a law enforcement officer sued the Texas Department of Public Safety (DPS), alleging that she had not been appointed to the Texas Rangers because of her sex. Alvarado, 492 F.3d at 609-10. The plaintiff applied for appointment to the Rangers and began the DPS promotion and selection process. Id. The selection process included an interview, in which the plaintiff scored lower than many of the other applicants, and a written examination, on which she scored relatively high. Id. at 610. The interview scores were combined with the written examination scores to produce a final cumulative score. Id. The plaintiff's cumulative score was lower than twenty-eight of the other applicants, and as there were only ten positions to be filled, she was not offered one of them. Id.

DPS offered the plaintiff's poor score in the overall selection process as its legitimate, nondiscriminatory reason for not promoting the plaintiff. Id. at 615-16. The plaintiff argued that the agency had not offered any evidence that her interview score was determined by sex-neutral factors or characteristics, making it "the sort of nonspecific, content-less explanation" that is

7

insufficient to meet the employer's burden of production.  Id. at 616.  The Fifth Circuit Court of Appeals observed that the evidence showed that DPS's decision was heavily influenced by the subjective evaluations of the candidates' interview performances.  Id.  This, in and of itself, was not impermissible.  Id.  However, the defendant did not offer any "explanation or evidence of how or why the interviewers arrived at [their] scores."  Id. at 617.  The Court stated:

> Without some indication of the factual basis or specific reasons for Alvarado's interview score, the score says nothing about whether her non-selection for the Rangers was the product of intentional sex discrimination.  Instead, the score is at least as consistent with discriminatory intent as it is with nondiscriminatory intent because Alvarado may well have received the relatively low interview score on account of her sex.

Id. (quotation omitted).  In summary, the Court held that the defendant had not met its burden of production, as it had not offered any summary judgment evidence as to why the plaintiff received low interview scores.  Id. at 617-18.

In contrast, the Court held that the defendant in Joseph had provided a "clear and reasonably specific basis for its subjective assessment."  Joseph, 277 Fed. Appx. at 441.  In that case, the plaintiff alleged that the Dallas Police Department did not hire him because of his age.  Id. at 438.  The defendant offered the plaintiff's failing scores from his interview as its legitimate, nondiscriminatory reason for not hiring him.  Id. at 440.  Specifically, the defendant argued that the plaintiff gave poor answers to specific questions.  Id.  The plaintiff argued that the defendant had not provided a sufficiently specific reason.  Id.  The Court rejected the plaintiff's argument, observing that the defendant had offered an interview evaluation form with specific reasons why the interview performance was deemed unacceptable and affidavits from interviewers explaining why they gave the plaintiff low scores.  Id. at 441.  Therefore, Joseph was not a case like Alvarado, "where the defendant relie[d] on nothing more than an unexplained interview score that might be

8

consistent with discriminatory intent." Id.

In the present case, Defendant has stated that it did not hire Plaintiff because he scored lower in his interview than the candidate who was hired. In accordance with the Court's Order of December 7, 2009, Defendant supplemented its Motion for Summary Judgment with the interviewers' rating forms on which they recorded the applicants' scores. Each form includes a list of all the questions asked with a space next to each question for a score on a scale of one to five. The form also includes a large blank space for comments at the end of the list of questions. Finally, each interviewer was provided with a tally sheet on which they were to record the score for each question. The tally sheet had an additional space for comments next to each question's score.

Only one of the interviewers provided any explanation for the scores given to Plaintiff, noting that he was "strong in some areas," but "weak in knowledge of new frameworks." Several of the interviewers wrote brief descriptions of Plaintiff's answers to some of the questions, but this does not provide the Court with a clear and reasonably specific basis for the scores they gave Plaintiff's answers. The other candidates' interview rating forms - including McMath's - are similarly devoid of explanation. Also, Superintendent Michael Halford testified that he could not recall the reasons why he gave the interview scores that he did.

Given Defendant's "failure to evidence the grounds for the . . . scoring of [Plaintiff] and the other candidates in the . . . subjective stage" of the hiring process, Defendant has "failed to proffer a reason for [Plaintiff's] non-selection that, if believed, would allow the jury to conclude that [Plaintiff's] non-selection was not the result of intentional [race] discrimination." Alvarado, 492 F.3d at 617; see also Joseph, 277 Fed. Appx. at 440-41. Because Defendant has failed to meet its burden of production under the second stage of the McDonnell Douglas framework, its Motion for

9

Summary Judgment is denied as to Plaintiff's Title VII claim stemming from Defendant's failure to hire Plaintiff for the permanent position.

## C.     42 U.S.C. § 1981

Plaintiff asserts that Defendant has violated 42 U.S.C. § 1981. Section 1981 "does not afford a remedy for violation of rights guaranteed thereunder when such claim is pursued against a governmental entity." Washington v. City of Gulfport, 2009 U.S. App. LEXIS 23991, *5-*6 (5th Cir. Nov. 2, 2009) (citing Oden v. Oktibbeha County, Miss., 246 F.3d 458, 463 (5th Cir. 2001)). Section 1981's "prohibitions against a private actor's racial discrimination are properly asserted against a state actor under 42 U.S.C. § 1983." King v. Louisiana, 294 Fed. Appx. 77, 82 n. 4 (5th Cir. 2008) (per curiam); see also Meyers v. La Porte Indep. Sch. Dist., 277 Fed. Appx. 333, 335 (5th Cir. 2007). "Section 1983 and Title VII are parallel causes of action." Lauderdale v. Tex. Dep't of Crim. Justice, 512 F.3d 157, 166 (5th Cir. 2007) (citing Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 734 (5th Cir. 1996)). Therefore, the Court analyzes Plaintiff's Section 1983 cause of action for alleged violations of Section 1981 under the McDonnell Douglas framework. Lawrence v. Univ. of Tex. Med. Branch, 163 F.3d 309, 311 (5th Cir. 1999).

### 1.     *The Interim Position*

Defendant argues that any cause of action asserted by Plaintiff with respect to Defendant's failure to hire him for the interim position is barred because of the Plaintiff's failure to exhaust his administrative remedies under Title VII. However, a plaintiff is not required to exhaust his administrative remedies before bringing a cause of action under Section 1983. Webb v. County Bd. of Educ., 471 U.S. 234, 241, 105 S. Ct. 1923, 85 L. Ed. 2d 233 (1985); Hines v. D'Artois, 531 F.2d 726, 736 (5th Cir. 1976). While the deficiencies in Plaintiff's EEOC charge bar his pursuit of a Title

VII action with respect to the interim appointment, he may still pursue a Section 1983 action for Defendant's alleged violation of Section 1981 as to the interim appointment. Defendant offers no additional arguments in support of its Motion for Summary Judgment as to this cause of action. Therefore, the Court denies Defendant's Motion for Summary Judgment as to this claim.

        2.        *The Permanent Position*

For the same reasons the Court denies summary judgment as to Plaintiff's Title VII claim with respect to the permanent position, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's Section 1983 claim for alleged violations of Section 1981 related to the permanent position.

**D.**       ***Fourteenth Amendment***

An employment discrimination claim brought under Section 1983 for violation of the Fourteenth Amendment is analyzed under the same evidentiary framework as Title VII actions. Lawrence, 163 F.3d at 311. A cause of action under Title VII for intentional discrimination confers no less protection than a cause of action under Section 1983 for an alleged violation of the Equal Protection Clause of the Fourteenth Amendment. Saucedo-Falls v. Kunkle, 299 Fed. Appx. 315, 323 (5th Cir. 2008). Therefore, it is not necessary for the Court to undertake a separate equal protection analysis. Id. For the same reasons cited above, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's Section 1983 claim predicated on Defendant's alleged violation of the Equal Protection Clause of the Fourteenth Amendment.

**E.**       ***The Consent Decree***

Plaintiff alleges that Defendant violated the terms of a consent decree entered by this Court in another case. However, "the proper method to enforce compliance with the . . . consent decree

11

would be to file a contempt motion in the" case in which the consent decree was entered, "not a separate complaint creating a new cause of action." Lyon v. Ashurst, 2008 U.S. Dist. LEXIS 61837, *24-*25 (M.D. Ala. Aug. 13, 2008) (citing Combs v. Ryan's Coal Co., Inc., 785 F.2d 970 (11th Cir. 1986)). Therefore, the Court declines to address the Plaintiff's allegations concerning the consent decree. The Defendant's Motion for Summary Judgment as to the Plaintiff's consent decree claim is denied, but any cause of action asserted by the Plaintiff premised upon the alleged violation of a consent decree entered in another case is dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Title VII discrimination claim stemming from the failure to hire Plaintiff for the interim principal position. However, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's Title VII discrimination claim relating to the failure to hire Plaintiff for the permanent principal position, Plaintiff's Section 1983 claims for alleged violations of Section 1981, and Plaintiff's Section 1983 claims for alleged violations of the Equal Protection Clause of the Fourteenth Amendment. Finally, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's consent decree claim, but the Court dismisses any cause of action premised upon the alleged violation of a consent decree without prejudice.

So ordered on this, the 6th day of January, 2010.

    **/s/ Sharion Aycock**
    **UNITED STATES DISTRICT JUDGE**